IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THOMAS PORWITZKY and
MATTHEW JONES,

    Plaintiffs,

v.

                                                Case No. 1:25-00280-MIS-LF

ANDREW ROMKOWSKY,
et al.,

    Defendants.

**ORDER OVERRULING PLAINTIFFS' OBJECTION TO COURT'S ORDER GRANTING DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT**

    THIS MATTER is before the Court on Plaintiffs Thomas Porwitzky and Matthew Jones's Objection to Court's Order Granting Defendants' Motion to Strike Plaintiffs' First Amended Complaint ("Objection"), filed July 1, 2025. ECF No. 33. On July 8, 2025, Defendants filed a Response thereto ("Response"). ECF No. 35. Upon consideration of the Parties' submissions, the record, and the relevant law, the Court will **OVERRULE** the Objection.

**I.**    **Background**

    On March 18, 2025, Plaintiffs Thomas Porwitzky and Matthew Jones, proceeding pro se, filed their Original Complaint ("Original Complaint"). ECF No. 1. The same day, each Plaintiff filed a CM/ECF Pro Se Notification Form, which "is used to elect the type of notification of filing to be received from the Court's Case Management/Electronic Case File (CM/ECF) system." ECF Nos. 3, 4. Each Plaintiff "elect[ed] to receive notification via **E-Mail**." Id. The Form states that "[f]or Fax or E-mail, by submitting this notification form, the undersigned consents to receiving notice of filings pursuant to Fed. R. Civ. P. 5(b) and 77(d) via the Court's electronic filing system."

Id. According to the Clerk's Office, when a pro se party elects to receive notice of filings by email, the email contains a link to the filing, and nothing is mailed to their address.

On April 8, 2025, Defendants filed a Partial Motion to Dismiss Plaintiffs' Original Complaint Based in Part on Qualified Immunity ("Motion to Dismiss").  ECF No. 14.

On May 2, 2025, Plaintiffs filed their First Amended Complaint Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B) ("Amended Complaint").  ECF No. 18.

On May 9, 2025, Defendants filed a Motion to Strike Plaintiffs' Amended Complaint for Failure to Comply with Federal Rule of Civil Procedure 15(a)(1)(B) ("Motion to Strike").  ECF No. 20.  Plaintiffs did not file a Response.

On May 15, 2025, the Court issued an Order referring this case to United States Magistrate Judge Laura Fashing pursuant to 28 U.S.C. § 636(b)(1)(B) and (b)(3) for all pretrial, nondispositive matters and for proposed findings and a recommended disposition on any dispositive matters.  ECF No. 24.

On June 17, 2025, Judge Fashing issued an Order Granting Defendants' Motion to Strike ("Judge Fashing's Order").  ECF No. 30.  Therein, Judge Fashing found that: (1) "Plaintiffs['] failure to timely file a response in opposition to the motion to strike constitutes consent to grant the motion[,]" id. at 1 (citing D.N.M.LR-Civ. 7.1(b)); and (2) Plaintiffs' Amended Complaint was untimely under Federal Rule of Civil Procedure 15(a) because it was not filed within twenty-one days of Defendants' Motion to Dismiss, and they did not obtain Defendants' consent or the Court's leave to file an amended complaint, id. at 1-2.

On July 1, 2025, Plaintiffs filed the instant Objection to Judge Fashing's Order, ECF No. 33, to which Defendants filed a Response, ECF No. 35.

**II.   Legal Standard**

Pursuant to 28 U.S.C. § 636(b)(1)(A), a district judge may designate a magistrate judge "to hear and determine" any pretrial, non-dispositive matter. See also Fed. R. Civ. P. 72(a). A party may file objections to a magistrate judge's order on a pretrial, non-dispositive matter within fourteen days. Id. "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Id.; see also 28 U.S.C. § 636(b)(1)(A); First Union Mortg. Corp. v. Smith, 229 F.3d 992, 995 (10th Cir. 2000). "The clearly erroneous standard . . . requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)). "A magistrate judge's order is contrary to law if it fails to apply or misapplies relevant statutes, case law or rules of procedure." Clear Spring Prop. & Cas. Co. v. Arch Nemesis, LLC, 741 F. Supp. 3d 949, 953 (D. Kan. 2024) (citation and quotation marks omitted).

**III.   Discussion**

Plaintiffs argue that Judge Fashing erroneously concluded that their Amended Complaint was untimely because under Rule 6(d) Plaintiffs receive an additional three days to act. Obj. at 2. Defendants argue that Plaintiffs do not receive an additional three days to act under Rule 6(d) because they both consented to receive notice of filings via email. Resp. at 2-3. The Court agrees with Defendants.

Pursuant to Rule 15(a)(1)(B), a plaintiff is entitled to file one amended complaint as a matter of course—that is, without the defendants' consent or the court's leave—no later than twenty-one days "after service of" a motion to dismiss (or other responsive pleading). Under Rule

5(b)(2), when a party is not represented by an attorney, service may be accomplished in several different ways, including by "mailing it to the person's last known address—in which event service is complete upon mailing[,]" Fed. R. Civ. P. 5(b)(2)(C), and

> sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing—in either of which events service is complete upon filing or sending, but is not effective if the filer or sender learns that it did not reach the person to be served[.]

Fed. R. Civ. P. 5(b)(2)(E). Pursuant to Rule 6(d), when a pro se party receives service by mail under Rule 5(b)(2)(C), all filing deadlines established by the Federal Rules of Civil Procedure, the District's Local Rules, and the court's orders are extended by three days. See Fed. R. Civ. P. 6(a), (d).

Here, pursuant to their election to receive notice of filings via email, ECF Nos. 3 & 4, Plaintiffs are also receiving service by email. Each time something is filed on the docket, Plaintiffs receive an email that (1) notifies them of the filing and (2) contains a link to the filing. The filing is not mailed to them; therefore, it cannot be said that they are receiving service by mail under Rule 5(b)(2)(C).

Consequently, the Court finds that Plaintiffs are receiving service by "electronic means that the person consented to in writing" pursuant to Rule 5(b)(2)(E). Parties receiving service by "electronic means that the person consented to in writing" pursuant to Rule 5(b)(2)(E) do not receive an additional three days to act under Rule 6(d). Therefore, Plaintiffs were permitted to file an amended complaint as a matter of course no later than twenty-one days after receiving service of Defendants' Motion to Dismiss. Fed. R. Civ. P. 15(a)(1)(B).

Defendants filed their Motion to Dismiss on April 8, 2025, ECF No. 14; according to the Notice of Electronic Filing generated by the Court's CM/ECF system, Plaintiffs received service

of the Motion to Dismiss by email the same day.  Plaintiffs filed their Amended Complaint on May 2, 2025—twenty-four days after being served by email with Defendants' Motion to Dismiss.  ECF No. 18.  Accordingly, the Court concludes that the Amended Complaint was not timely filed.

## IV.  Conclusion

Therefore, it is **HEREBY ORDERED** that Plaintiffs' Objection to Court's Order Granting Defendants' Motion to Strike Plaintiffs' First Amended Complaint, ECF No. 33, is **OVERRULED.**

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE