IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THOMAS PORWITZKY and
MATTHEW JONES,

       Plaintiffs,

v.                                           Case No. 1:25-cv-00280-MIS-LF

ANDREW ROMKOWSKY,
in his individual and official capacities,
MARISA J. MARTINEZ,
in her individual and official capacities,
JONATHAN BARELA,
in his individual and official capacities,
CARLOS GIDINO,
in his individual and official capacities, and
CITY OF ALBUQUERQUE,

       Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on defendants' Partial Motion to Dismiss (Doc. 14) and plaintiffs' Motion to Amend (Doc. 37). Plaintiffs did not respond to defendants' Partial Motion to Dismiss. Defendants responded to plaintiffs' Motion to Amend (Doc. 39), and plaintiffs did not file a reply. All briefing deadlines have passed. Having reviewed the parties' submissions and the applicable law, the Court rules as discussed below.

## BACKGROUND

On March 18, 2025, plaintiffs Thomas Porwitzky and Matthew Jones filed a complaint in federal court. Doc. 1. Appearing pro se, they allege violations of the First, Fourth, and Fourteenth Amendments to the United States Constitutions by defendants Andrew Romkowsky, Marisa J. Martinez, Jonathan Barela, and Carlos Gidino in their individual and official capacities, as well as against the City of Albuquerque. *Id.* at 1. In short, some their allegations spring from a

September 2024 visit from Officers Barela and Gidino to Porwitzky's property, which may have been to investigate a disturbance, conduct a welfare check, or confirm whether Mr. Jones resided there. *Id.* at 4–7. Others arise because, in January 2025, Mr. Porwitzky and Mr. Jones allegedly visited "the APD building" with the intention of arranging a meeting with the chief of police to ask questions about the oath of office, if any, that police officers swear; they had sought public records on this matter previously. *Id.* at 9. They claim that after various inquiries and an "intense discussion," they were told that they "would be trespassed from the APD building if they did not immediately leave the building." *Id.* at 10. They state that they relocated to City Hall, where they were then approached by defendants Martinez and Romkowsky, among others, who "stated that Plaintiffs were now creating a disturbance in another government building and that they were being trespassed from this building[] as well." *Id.* They "were issued a 90-day trespass from the APD publicly owned building at 400 Roma Avenue in Albuquerque, New Mexico," after which they exited the building. *Id.* at 11.

    The complaint contains causes of action for 1) Fourth Amendment violations against Officers Barela and Gidino for an unreasonable search of Mr. Porwitzky's property; 2) First Amendment violations against defendants Romkowsky and Martinez for the defendants' alleged retaliation against the plaintiffs' efforts to seek public records; 3) a First Amendment claim against the City of Albuquerque for "permitt[ing] or otherwise ratif[ying the] practice of permitting its employees to withhold records and retaliate against those that persist in their attempts"; and 4) a Fourteenth Amendment due process claim against the City of Albuquerque because the city "provides no procedures or opportunity for Plaintiffs to challenge the validity of the Criminal Trespass Warnings they were given." *Id.* at 11–14.

On April 8, 2025, defendants moved to dismiss the second and third causes of action (the allegations against defendants Romkowsky and Martinez and the First Amendment claim against the City of Albuquerque). *See* Doc. 14. In response, plaintiffs filed an amended complaint, which the referral judge struck as untimely; the presiding judge overruled plaintiffs' objections to this decision. *See* Docs. 18, 20, 33, 35, 36.

Now plaintiffs move to amend their complaint. Doc. 37. They do not articulate what aspects of their original complaint they seek to amend. *See generally id.*; *see also* Doc. 39 at 1 ("[T]he Plaintiffs do not specify the nature of the information added or clarified."). Rather, they simply state that they "have made corrections, added facts, and made clarifications of fact in order to more clearly present their case[.]" Doc. 37 at 1. The Court has reviewed the changes, which largely are stylistic (*see, e.g.*, Doc. 37-1 at 7 ¶ 15, replacing "approached" in the original complaint with "walked towards") or provide new citations to exhibits (*see, e.g., id.* at 8 ¶ 17, adding reference to Exhibit 2). In terms of substantive allegations, the proposed First Amended Complaint includes additional statements between the security officer at the APD building reception station and other employees saying not to help plaintiffs and discussing whether "they could criminally trespass Plaintiffs from the building." *Id.* at 12. A new exhibit—purportedly a screenshot from Mr. Porwitzky's cell phone—also is included. *Id.* at 32. The causes of action remain the same. *See id.* at 15–18.

## DISCUSSION

Federal Rule of Civil Procedure 15(a)(2) states that a party may amend its pleading with the court's leave, which the court should give "freely" "when justice so requires." However, a court should deny leave to amend "upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments

3

previously allowed, or futility of amendment." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010). Here, defendants argue that amendment would be futile. Doc. 39 at 3. Amendment is futile "if the complaint, as amended, would be subject to dismissal." *Barnes v. Harris*, 783 F.3d 1185, 1197 (10th Cir. 2015). And a complaint is subject to dismissal if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Somewhat unusually, defendants argue only that two of the four claims plaintiffs raise are subject to dismissal: Cause 2 (First Amendment retaliation claim against defendants Romkowsky and Martinez) and Cause 3 (First Amendment claim against the City of Albuquerque). *See* Doc. 39 at 3–5. Defendants do not address the other two causes of action, and they do not cite to any case law indicating that *partial* futility—i.e., an amended complaint that would be subject to partial dismissal—is an adequate basis to deny amendment. Nor has the Court found case law in support of this conclusion. Rather, the Court holds that the most appropriate way to move forward is to grant leave to amend, then for the defendants to move to dismiss any claims that they believe appropriate. The current motion to dismiss pertains to the previous complaint and therefore is denied as moot. *See Scott v. Buckner Co.*, 388 F. Supp. 3d 1320, 1323–24 (D. Colo. 2019).

## CONCLUSION

For the reasons stated above, the Court GRANTS plaintiffs' Motion to Amend (Doc. 37). Plaintiffs are ordered to file their First Amended Complaint (which currently appears as Doc. 37-1) as a separate entry on the docket no later than November 20, 2025.

5

    The Court DENIES defendants' Partial Motion to Dismiss (Doc. 14) as moot in light of the amended complaint. Defendants may direct any subsequent motion to dismiss at the amended complaint.

    It is so ordered.

_____
LAURA FASHING
UNITED STATES MAGISTRATE JUDGE