FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

NOV 20 2025

MITCHELL R. ELFERS
CLERK

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

| | |
|---|---|
| Thomas Porwitzky and Matthew Jones<br><br>*Plaintiffs*,<br><br>vs.<br><br>Andrew Romkowsky, in his individual and official capacities, Marisa J. Martinez, in her individual and official capacities, Jonathan Barela, in his individual and official capacities, Carlos Gidino, in his individual and official capacities, and City of Albuquerque<br><br>*Defendants*, | Case No.: 1:25-cv-00280-KK<br><br>PLAINTIFFS FIRST AMENDED COMPLAINT PER FRCP 15(a)(1)(B)<br><br>EXHIBITS 1-6 Attached hereto and incorporated herein<br><br>**DEMAND FOR TRIAL BY JURY** |

## PLAINTIFFS FIRST AMENDED COMPLAINT PER FRCP 15(A)(1)(B)

TO THE HONORABLE JUDGE OF SAID COURT:

1. **COMES NOW,** Plaintiffs Thomas Porwitzky and Matthew Jones, appearing *pro se* in the above-titled cause, hereby file this, their First Amended Complaint, for violations of certain of their guaranteed and protected civil rights relating to the 1st, 4th, and 14th Amendments. This First

Amended Complaint is brought as a matter of course pursuant FRCP 15(a)(1)(B) and in accordance with Rule 6(d).

## I. JURISDICTION AND VENUE

2. Causes of Action of this complaint arise under 42 U.S.C. §1983 (Civil Action for Deprivation of Rights). The jurisdiction of this court is founded on federal question jurisdiction, 28 U.S.C. §1331, this court also has original jurisdiction pursuant to 28 U.S.C. §1343.

3. Venue is proper because all events giving rise to Plaintiffs' causes of action occurred within this district, as provided in 28 U.S.C. § 1391(b)(2).

## II. PARTIES

4. Plaintiff Thomas Porwitzky, hereinafter "Porwitzky", at all times relevant as presented herein, was domiciled in the State of New Mexico.

5. Plaintiff Matthew Jones, hereinafter "Jones", at all timers relevant presented herein, was domiciled in the State of New Mexico.

6. Plaintiffs are informed and believe that Defendant, Andrew Romkowsky, hereinafter "Romkowsky", was a State of New Mexico licensed Peace Officer,

and at all times relevant to this complaint, was acting as an employed, compensated, enriched and rewarded employee for the City of Albuquerque in said state. Romkowsky is being sued in his individual and official capacities.

7. Plaintiffs are informed and believe that Defendant, Marisa J. Martinez, hereinafter "Martinez", was a State of New Mexico licensed Peace Officer, and at all times relevant to this complaint, was acting as an employed, compensated, enriched and rewarded employee for the City of Albuquerque in said state. Martinez is being sued in her individual and official capacities.

8. Plaintiffs are informed and believe that Defendant, Jonathan Barela, hereinafter "Barela", was a State of New Mexico licensed Peace Officer, and at all times relevant to this complaint, was acting as an employed, compensated, enriched and rewarded employee for the City of Albuquerque in said state. Barela is being sued in his individual and official capacities.

9. Plaintiffs are informed and believe that Defendant, Carlos Gidino, hereinafter "Gidino", was a State of New Mexico licensed Peace Officer, and at all times relevant to this complaint, was acting as an employed,

compensated, enriched and rewarded employee for the City of Albuquerque in said state. Gidino is being sued in his individual and official capacities.

10. Plaintiffs are informed and believe that Defendant, City of Albuquerque, through this complaint and hereafter "City of Albuquerque", is an incorporated municipality within Bernalillo County in the State of New Mexico, and can be sued as such person specific to this lawsuit.

## III. GENERAL FACTUAL ALLEGATION

11. Plaintiff Porwitzky is a navy veteran, a retired senior citizen, and a long-time resident of New Mexico. Porwitzky is a staunch supporter of the United States and State Constitutions and has become an avid supporter of the "First Amendment Auditors" on YouTube. Plaintiff Jones, recently left his home in Florida and has been staying in Albuquerque, New Mexico. Jones has been an avid supporter of recording video encounters with public officials, including peace officers, while in the performance of their official duties and has a YouTube channel, Clay Foundations 1A Press (Brick Jonesey). These Plaintiffs have been acquainted since early 2024.

12. On 9/19/2024 at 11:44 a.m., Porwitzky received a telephone call on his private cell from the Levy County Sheriff's Department in Levy County, Florida. Porwitzky has had no prior contact with this agency and was confused as to how they acquired his telephone number, *see Exhibit 6*. The caller, unknown to Plaintiff, stated that he was attempting to locate Matthew Jones, co-Plaintiff in this matter. The caller stated that there was no warrant for Jones and Jones was in no trouble, but that he was just interested in determining Jones current address and location. Porwitzky stated that he had no obligation to assist him and terminated the call.

13. On 9/20/2024, at approximately 8:02 a.m., two City of Albuquerque Police officers, Jonathan Barela, Badge #523, and Carlos Gidino, Badge #424, entered onto Porwitzky's property, *see Exhibit 2, video 1 @ 01:06-03:50*, in response to a teletype they had received from a Levy County Sheriff's Office Deputy, *see Exhibit 1*. These Defendants then walked up to Plaintiffs' front door and rang the doorbell. They then retreated to the front of the garage and watched the front door. After no response, Barela returned to the front door,

opened the screened privacy door, knocked on the front solid door of the residence with the butt of his flash light, striking the door approximately 10 times. Barela then walked several steps back to the edge of the garage where he and officer Gidino peered at the front door.

14. After no response from inside the home, these officers then walked to the front door where Barela took his flashlight and struck the door approximately 8 times and commented that there was no response. He then moved to the front window of the house. Barela activated his flashlight and directed the beam into the window as he peered into Plaintiff Porwitzky's home. Barela then struck the window 10 times with the butt of his flashlight and then peered into the window through the partially closed blinds. Barela stated to Gidino that he did not observe any movement, then walked past the window, and peered down the side of the house. The 2 officers then left the property and walked to the Police cruisers parked at the end of the street.

15. Porwitzky's wife, Wendy, heard the knocking on the door, arose from her chair in the living room and observed a shadow outside the front window

shining a flashlight into their living room. She then went back to the bedroom and awakened her husband, Plaintiff Porwitzky. Porwitzky, quickly threw on some clothes and left the residence. Porwitzky saw the officers parked about 75 yards away from his home and walked towards the vehicles. Upon arriving to the vehicles, he asked these officers why they had come onto his property unannounced and were peering into his home, *see Exhibit 2, video 1 @ 05:21-08:45.*

16. Barela and Gidino, in response, stated that they were there because of an unverified call of a harassing phone call. They then stated they were there to conduct a welfare check and then, changing their story, stated that they were there to determine if Plaintiff Jones was living in Porwitzky's home. Porwitzky then told them that they should not be showing up and knocking on peoples' doors for no reason. He then left back to the residence, grabbed his phone, and he and Jones left the residence, walked over to the police officers, and began recording.

17. After speaking briefly with the officers, complaining about why they were unsure of why they were on his property, Barela said that Jones should not be calling the Levy County Sheriff's Office and this would prevent such encounters with the local police. Porwitzky and Jones then requested to speak with their supervisor[1]. Approximately 15 minutes later, Sgt. Martinez arrived on scene, *see Exhibit 2, video 1 @ 25:17-34:49.*

18. When talking with Sgt. Martinez, Plaintiffs were informed that he was not sure why Barela and Gidino were present at Porwitzky's residence. Originally, Sgt. Martinez stated that the APD received a reported of a disturbance, but after being unable to substantiate this claim, he stated that they were there to conduct a welfare check. When asked to provide a name as to who the caller was, Sgt. Martinez stated that they only wanted to confirm Jones' residence for Levy County Sheriff's Department per the teletype. Martinez agreed that there was no complaint for issuance of any warrant or

---

[1] https://youtube.com/live/1Cqyn0RM4Xw?si=NqVlm7BZGvQ22SVs

suspicion of any crime on behalf of that Sheriff's Department or APD. Everyone then departed the scene.

19. On September 23, 2024, Plaintiffs after reviewing Article XX Sec. 1 of the Constitution of the State of New Mexico[2] requiring all public officials in the state to swear and to subscribe, , to a designated oath of office, *see Exhibit 3,* went to the Albuquerque Police Department, APD, at 400 Roma Avenue in Albuquerque, New Mexico where they made public records requests, *inter alia*, for the oaths of office of the aforementioned officers. The receptionist told Plaintiffs that no APD police officer has a signed oath of office. Plaintiffs later were informed, 1/14/2025, per the response from the Albuquerque City Clerk's Office to their Inspection of Public Records Act, IPRA, APD Police Officers have no subscribed and filed oath of office.

---

[2] New Mexico Constitution Article XX § 1 Oath of Office – "Every person elected or appointed to any office shall, before entering upon his duties, take and subscribe to an oath or affirmation that he will support the constitution of the United States and the constitution and laws of this state, and that he will faithfully and impartially discharge the duties of his office to the best of his ability."

20. After additional calls and IPRA requests to the APD and the APD failing to adequately follow through on these requests, in late December 2024, Plaintiffs had been notified by a Metro Security guard that a Metro Security guard holding the rank of Lieutenant would determine why Plaintiffs were being denied access to APD to determine and who within the APD could assist them in receiving clarification as to why APD officers did not have to comply with Article XX § 1 of the New Mexico Constitution. Because no further response was received from the Metro Security company, Plaintiffs chose to arrange a meeting with the Albuquerque Police Department's Chief of Police, Harold Medina.

21. On January 3, 2025, Plaintiffs, video recording the entire events of this outing, arrived at the Albuquerque City Hall and went to speak with the receptionist.[3] Plaintiffs wanted to schedule themselves to appear at the upcoming City Council meeting and provide public commentary, but were

---

[3] https://www.youtube.com/live/2cllEQzTVe0?si=g5qVUsP4V2TNx01n

instructed to return after 4 p.m. Plaintiffs then went to the APD building where they intended to meet or schedule a meeting with the APD Chief of Police to obtain any information supporting why the City's employed police officers were not required to subscribe to an oath of office as prescribed by New Mexico's Constitution.

22. Upon arriving at the APD building, Plaintiff Jones pushed the buzzer to alert attention to their presence in the building as APD does not allow anyone to enter past the lobby area without permission. After several minutes, a Metro Security guard appeared who spoke with Plaintiffs. After Jones relayed the reason for this visit, the security officer stated that he would contact an APD officer inside.

23. Over the course of about 40 minutes, after speaking with various guards employed by Metro Security, including its chief, S. Blackledge, Plaintiffs were told that there was nothing they could do to assist them and they all re-entered the APD building. After waiting several minutes, Plaintiffs saw

security officer Leverette at the Security desk. Leverette previously met with Plaintiffs and would do nothing to assist Plaintiffs the previous month.

24. After being ignored by Leverette, Jones began to repeatedly press the notification buzzer for several minutes as it seemed it was not working inside the security office. It was later revealed to Plaintiffs, the security officer at the reception station was told by Leverette "don't even engage them. Don't help because they're just being idiots".

25. Inside the reception area of the APD, Romkowsky came and spoke with the security officer. Romkowsky asked if they had asked Plaintiffs to leave the station to which he replied that they had not. The security officer asked if, at this point, they could criminally trespass Plaintiffs from the building to which Romkowsky "Yeah. We'll work on it. Romkowsky requested that they start an "82" on the southside because Plaintiffs were just being jerks.

26. Eventually, defendant Romkowsky walked from the secured area into the lobby to speak with Plaintiffs. Plaintiffs explained that they were interested in obtaining certain public records and to arrange a meeting with the APD

Chief of Police. After an intense discussion with Romkowsky, in which he stated that if Plaintiffs came past the lobby area, that he would trespass them from this public building. Plaintiffs told them that they had no intention of going past the lobby area. Further, at no time did Plaintiffs go past the lobby area.

27. Plaintiffs requested to speak with his supervisor and Romkowsky immediately stated that they were now being detained. Within moments defendant Martinez appeared. After additional discussion with Martinez, she stated that they would be trespassed from the APD building if they did not immediately leave the building. Plaintiffs, stated that, under threat of arrest, they would and did then leave the building. They then walked back over to the City Hall building. Plaintiffs were videorecording the view from the windows from the City Hall building when they observed defendants Martinez and Romkowsky, and 4 other APD officers including Officer S. Casillas approaching them, *see Exhibit 2, video 2 @ 04:35-34:46.*

28. As Jones and Martinez were conversing, Martinez stated that Plaintiffs were now creating a disturbance in the City Hall building and that they were being trespassed from this building, as well. According to the trespass notice, Plaintiffs were trespassed from at least the APD building under New Mexico Trespass Statute #30-14-1 and Albuquerque Ordinance #12-2-3, neither of which apply or can apply to public buildings. When Plaintiffs stated that they had not created a disturbance, but were being directed to leave this building they would leave. Martinez then asked Plaintiffs, "so now where are you going to go" to which Plaintiffs stated that they would just leave this building.

29. Romkowsky stated that they would not be allowed to leave the building until they had provided their identification to the officers so that they issue criminal trespass citations to Plaintiffs. Plaintiffs then provided their identifying information and were issued a 90-day trespass from the APD publicly owned building at 400 Roma Avenue in Albuquerque, New Mexico, *see Exhibit 5*. Plaintiffs then exited the building.

30. Because of the stress Porwitzky was experiencing related to this encounter, within the next 36 hours, Porwitzky had to see a physician and receive treatment at the Veteran's Administration. Additionally, Plaintiffs have observed APD police cruisers driving slowly by their home on numerous occasions causing Plaintiffs to fear for their safety.

## IV. CAUSES OF ACTION

### CAUSE 1

**(42 U.S.C. § 1983; Amendment 4- Unreasonable Search)**

31. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 30 above and incorporates the same as if set forth in full.

32. Defendants Barela and Gidino, as licensed Peace Officers, knew or should have known that the government had no legitimate interest in entering onto Porwitzky's property and peering into his front window and searching around his property.

33. By doing so absent any warrant, exigent circumstances of emergency, or personal invitation these defendants violated Porwitzky's 4th Amendment right to be free from unreasonable searches.

34. As a direct and proximate consequence of the acts of these Defendants, Porwitzky has suffered injury therefrom, continues to suffer injury, and is entitled to recover damages accordingly.

**CAUSE 2**

**(42 U.S.C. § 1983; Amendment 1- Retaliation for seeking redress)**

35. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 34 above and incorporates the same as if set forth in full.

36. Plaintiffs had been making regular and consistent efforts for several months to secure public records from the APD, including oaths of office of its employed officers. These efforts were willfully frustrated by the APD and its employees and its agents.

37. Defendants Romkowsky and Martinez detained and issued criminal trespass warnings to Plaintiffs in furtherance of this effort to violate Plaintiffs' 1st Amendment rights.

38. As a direct and proximate consequence of the acts of these Defendants, Plaintiffs have suffered injury therefrom and are entitled to recover damages accordingly.

## CAUSE 3

**(42 U.S.C. Sec. 1983 - Monell claim against Defendant City of Albuquerque)**

39. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 38 above and incorporate the same as if set forth in full.

40. Defendant City of Albuquerque has permitted or otherwise ratified this practice of permitting its employees to withhold records and retaliate against those that persist in their attempts. This in violation of the 1st Amendment, at minimum.

41. Defendant City of Albuquerque knew or should have known that they are impotent to create and implement policies or practices that violate the constitution and rights guaranteed to the people whom they act in service to, yet they have permitted this to occur.

## CAUSE 4

**(42 U.S.C. Sec. 1983 – USCA 14th Amendment – Due Process**

42. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 41 above and incorporates the same as set forth in full.

43. Defendant City of Albuquerque provides no procedures or opportunity for Plaintiffs to challenge the validity of the Criminal Trespass Warnings they were given. Therefore, Plaintiffs rights relevant to the 14th Amendment have been violated. They are meant to endure to this whimsical notice and not access properties that they have a lawful right to access.

44. As a direct and proximate consequence of the acts of defendant City of Albuquerque, Porwitzky and Jones have suffered injury therefrom, continue to suffer injury, and are entitled to recover damages accordingly.

## V. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this honorable court find as follows:

a. That Defendants Barela and Gidino violated Plaintiffs' 4th Amendment right to be free from unreasonable searches.
b. That Defendants Romkowsky and Martinez violated Plaintiffs' 1st Amendment right by preventing them from being where they had a legal right to be and 4th Amendment right to be free from unreasonable searches and seizures by detaining them and compelling them to produce their government issued identifications absent commission of any crime.

c. City of Albuquerque permitted the employees to withhold public records as a custom or practice and then punish those who sought redress as described relevant to the *Monell Doctrine*.

Plaintiff prays for relief against Defendants, jointly and severally, as follows:

a. Enter judgment against each and every defendant individually named and find them jointly and severally liable;
b. Find that the Plaintiff is the prevailing party in this case and award attorney's fees and costs, general and compensatory damages according to federal law as noted against all Defendants;
c. Award punitive damages against each named defendant jointly and severally in the amount of $500,000.00;
d. Order that the City of Albuquerque and APD provide proper constitutional training to its employees regarding issues relating to the 1st Amendment.
e. And grant such other and further relief as appears reasonable and just, to which Plaintiff shows himself entitled.

**DEMAND FOR TRIAL BY JURY REQUESTED HEREIN**

**I, THOMAS PORWITZKY, DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.**

DATED this 20th day of November, 2025

Thomas Porwitzky
12119 Pocono Rd

Albuquerque, NM 87123
Email: letzotov@gmail.com
Phone: 505-369-1479

**I, MATTHEW JONES, DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.**

DATED this 20th day of November, 2025

Matthew Jones
12119 Pocono Rd
Albuquerque, NM 87123
Email: mjonesy4515420@gmail.com
Phone: 505-369-1479

EXHIBIT 1

Levy County Sheriff's Department Teletype– 1 Pages

24264021

| | | | |
|---|---|---|---|
| Received Time: | 05:43:00 09-20-24 | | |
| Destination(s): | NM0010100 | | |
| MKE: | AM | Source: | NLET |
| Reference: | UNKNOWN | Msg ID: | UNKNOWN |
| Station: | 01APD0001 | Sender ORI: | FL0380000 |
| Control: | 0546228375 | | |

****ATTENTION ALBUQERQUE POLICE DEPARTMENT**** PLEASE SEND A UNIT TO 12119 SE POCONO ROAD, ALBUQUERQUE,NM, 87123 // IN REFERENCE TO ATTEMP TO CONTACT ANDEVAULATE MATTHEW JONES // WM // DOB [redacted]1985 // SSC NUMBER [redacted] //THIS SUBJ HAS BEEN CALLING AND THREATENING OUR DISPATCH CENTER AND DEPUTIES NON-STOP// PLEASE EVALUATE HIS WELL BEING AND MENTAL HEALTH STATUS // PLEASE ACKNOWLEDGE TTY // THANK YOU LEVY COUNTY SHERIFFS OFFICE 352-486-5111 AUTH LT NARAYAN 39-14 OPR KMACINTYRE 823
MRI 15369269 IN: NLET 3327 AT 20SEP2024 05:43:00 OUT: 01APD0001 79 AT 20SEP2024 05:43:00

EXHIBIT 2

Body Camera Video from Barela – attached thumb drive A -Video 1

Plaintiff Jones video of trespass issuance – attached thumb drive A - Video 2

EXHIBIT 3

New Mexico Oath of Office – 1 page

# OATH

I, ________________, do solemnly swear that I will support the Constitution of the United States and the Constitution and the laws of the State of New Mexico and that I will faithfully and impartially discharge the duties of ____________________________________ on which I am about to enter, to the best of my ability, SO HELP ME GOD.

______________________________
SIGNATURE

Subscribed and sworn to before me on

(SEAL)

this________day of______________,

20______.

______________________________
SIGNATURE

______________________________
TITLE

My commission/expires: ________________

(This oath, when executed, must be forwarded immediately to the Secretary of State at Santa Fe, New Mexico)

# EXHIBIT 4

1/14/2025 IPRA response -Renee Valdez, Administrative Assistant – City Clerk's Office – 1 page

## Requester

Letz

letzotvo@gmail.com

Albuquerque, NM

## Additional information

**Case Number (for APD Requests)**
*No data entered*

**Location of Incident**
*No data entered*

**Relevant date or date range (for police reports, emails, etc.)**
*No data entered*

## Invoices

No invoices due

## Staff assigned

**Departments**
Albuquerque Police Department

**Point of contact**
Renee Valdez

### Request closed ^

Anyone with access to this request

Hello,

This communication will confirm our completion of your request.

Your public records request will now be closed.

Sincerely,

Renee Valdez

**Office of the City Clerk**

anuary 14 2025, 4:00pm by Staff

### Message to requester ^

Requester Staff

Dear Letz:

***No Responsive Records:***

- *Oath of office certificates* (there is a verbal oath of office given by the Chief of Police at graduation but there is no document)

Please let me know if you have any questions.

Sincerely,

Renee Valdez

Administrative Assistant

anuary 14 2025, 2:59pm by Staff

### Message to requester ^

Requester - Staff

Hello:

This correspondence concerns your IPRA request dated December 20, 2024.

Please be advised upon further review, we have determined your request is "excessively burdensome and broad," and my office needs an "additional reasonable period of time" to complete the request. NMSA 1978, § 14-2-10. We will continue to update you on our progress and we will notify you when records become avail-

Exhibit 5

Criminal Trespass Notices for Plaintiffs – 2 pages

Incident No. [illegible]

Report No. [illegible]

# ALBUQUERQUE POLICE DEPARTMENT
## CRIMINAL TRESPASS NOTIFICATION-ORDER NOT TO RETURN

Business: [illegible]

Address: [illegible]

Proprietor: [illegible] [redacted]

Date: [illegible]

This is to notify [illegible], that you have hereby been denied consent to enter or remain on or about the property located at [illegible]. which is in the City of Albuquerque, New Mexico. If you do return to this property you will be in violation of the Criminal Trespass New Mexico State Statute 30-14-1, dated 1978, or the City of Albuquerque Criminal Trespass Law, section 12-2-3. Ordinance No. 96-1973. dated August 1. 1994. Failure to comply with this notice can result in your arrest.

Subject's Name: [illegible]

Date of Birth: [illegible]

Social Security: [illegible]

Subject's Signature

Proprietor's Signature

Officer's Signature

FORM DISTRIBUTION

WHITE - RECORDS. YELLOW - BUSINESS. PINK - SUBJECT

PD #3085

(Rev 8/99)


4:07
message
call
video
mail
pay
September 19, 2024
11:44 AM Incoming Call
1 minute
Calls with a checkmark have been verified by the carrier.
Contact Photo & Poster
home
+1 (352) 486-5111
Notes
Recents