**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

THOMAS PORWITZKY and
MATTHEW JONES,

Plaintiffs,

v. Case No. 1:25-cv-00280-MIS-LF

ANDREW ROMKOWSKY,
in his individual and official capacities,
MARISA J. MARTINEZ,
in her individual and official capacities,
JONATHAN BARELA,
in his individual and official capacities,
CARLOS GIDINO,
in his individual and official capacities, and
CITY OF ALBUQUERQUE,

Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter comes before the Court on 1) defendants' Motion to Dismiss for Failure to Comply with Discovery Order, filed April 13, 2026 (Doc. 56); and 2) plaintiffs' Motion for Leave to File Surreply to Defendants' Reply, filed May 18, 2026 (Doc. 64).[1] United States District Judge Margaret Strickland referred this case to me "to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." Doc. 24. As a preliminary matter, defendants did not respond to the motion for surreply; the Court therefore GRANTS it as unopposed. *See* D.N.M.LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to

[1] Plaintiffs filed, but then withdrew, another motion for leave to file a surreply. Doc. 61; Doc. 65. Concurrently with these Proposed Findings and Recommended Disposition, I terminate the withdrawn motion (Doc. 61).

grant the motion."). I therefore consider the surreply as part of the briefing on the motion to dismiss (Doc. 56). Having reviewed the parties' filings and the applicable law, I recommend that the Court rule as described below.

## BACKGROUND

On August 26, 2025, defendants filed an opposed motion to compel relating to various interrogatories and requests for production that they had issued to plaintiffs. Doc. 40. On March 3, 2026, the Court granted the motion in part and denied it in part. Doc. 52. Plaintiffs were directed to provide their supplemental responses to the City of Albuquerque no later than March 25, 2026. *Id.* at 28.

Defendants filed the pending motion to dismiss on April 13, 2026. Doc. 56. In that motion, they argue that plaintiffs provided their supplemental responses untimely (one day late for the supplemental interrogatory responses and five days late for the supplemental request for production responses) and that the responses "remain deficient" in a variety of ways. *Id.* at 3. Plaintiffs respond that their supplemental responses were satisfactory and that dismissal is not warranted pursuant to *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992). *See generally* Docs. 57–58.

## LEGAL STANDARD

When considering whether dismissal is an appropriate sanction for discovery violations, the Court looks to the factors outlined in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992). These factors include the "degree of actual prejudice to the defendant," "the amount of interference with the judicial process," "the culpability of the litigant," "whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance," and "the efficacy of lesser sanctions." *Id.* at 921. District courts enjoy "very

broad discretion" in this area. *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1320 (10th Cir. 2011). Nonetheless, dismissal remains a harsh consequence applicable "only when the discovery violation arises out of willfulness, bad faith, or some fault of the party." *Stenson v. Edmonds*, 86 F.4th 870, 877–78 (10th Cir. 2023).

## DISCUSSION

I first review what the discovery disputes are and decide whether any discovery violations took place. Then, for the discovery violations that did occur, I consider the *Ehrenhaus* factors to determine an appropriate sanction.

### I. Review of Discovery Disputes

#### A. Timeliness

Plaintiffs and defendants agree that plaintiffs' supplemental discovery responses were untimely. Doc. 56 at 3; Doc. 57 at 4; Doc. 58 at 3. The deadline was March 25, 2026, and plaintiffs provided their supplemental interrogatory responses on March 26, 2026, and their supplemental request for production responses on March 30, 2026. Doc. 56 at 3; Doc. 57 at 4; Doc. 58 at 3.

#### B. Interrogatories

On March 3, 2026, the Court ordered the plaintiffs to provide supplemental responses to Interrogatories No. 1, 3, 5, 6, 7 (in part), 8, 9, 10 (in part), 11, 12, and 13 no later than March 25, 2026. Doc. 53 at 27–28. Defendants have attached Mr. Porwitzky's supplemental interrogatory responses, dated March 26, 2026, as Doc. 56-2. They have attached Mr. Jones' supplemental interrogatory responses, also dated March 26, 2026, as Doc. 56-5. Defendants argue that the following supplemental interrogatory responses are insufficient.

Interrogatory No. 6

Defendants state that Mr. Porwitzky "failed to supplement Interrogatory No. 6." Doc. 56 at 3. This is true: Mr. Porwitzky supplemented Interrogatories No. 5 and 7, but he skipped Interrogatory No. 6. *See* Doc. 56-2 at 4. However, the Court only ordered Mr. Jones to supplement Interrogatory No. 6, not Mr. Porwitzky. Doc. 62 at 9–10. Indeed, the motion to compel only sought a supplemental response from Mr. Jones for this interrogatory. Doc. 40 at 4. Accordingly, Mr. Porwitzky was not required to supplement Interrogatory No. 6.

Interrogatory No. 10

Defendants state that Mr. Porwitzky "failed to list each and every time he has accused a third-party of violating his rights" and that his statement "is not responsive to the request made." Doc. 56 at 3. They also state that Mr. Jones' response to this interrogatory "is also inadequate and it is identical to the Plaintiff Porwitzky's response." *Id.* at 5. They add that "[u]pon information and belief, Plaintiff Jones has accused a law enforcement agency in Florida of violating his rights," but that he did not include this information in his response. *Id.*

The Court narrowed the scope of Interrogatory No. 10 in its previous order. Doc. 52 at 13 (covering only "written complaints (for example, complaint emails or cease-and-desist letters) pertaining to the plaintiffs' constitutional rights"). Plaintiffs both responded that they had "no recollection of ever having made a cease and desist letter or emails or complaints regarding violations of [their] constitutionally protected rights." Doc. 56-2 at 14; Doc. 56-5 at 14. This answer is responsive to the limited scope of Interrogatory No. 10. If Mr. Jones (or Mr. Porwitzky, for that matter) did file written complaints of any kind, the complaints may be used for impeachment purposes to demonstrate that they did not provide truthful answers to their interrogatories. If evidence exists that plaintiffs lied in their interrogatory responses, that

evidence potentially could be the subject of a future motion to dismiss. At the moment, however, I have no evidence that plaintiffs' responses under oath were not truthful.

Interrogatory No. 12

Defendants state that Mr. Porwitzky "failed to provide his criminal and/or arrest history" even though the "documents produced in response to Request for Production [sic] indicate he was arrested." Doc. 56 at 3. I was unaware of these documents and ordered defendants to provide them. Doc. 69. In their notice filed in response to the Court's order, defendants clarified that they meant Mr. Jones, not Mr. Porwitzky, and apologized for the misstatement. Doc. 70 at 2.

Following the Court's order on the motion to compel, Mr. Jones supplemented Interrogatory No. 12, which asked about his arrest history. Doc. 56-5 at 15. He listed five arrests between 2015 and 2025. *Id.* The interrogatory requested "the date and place committed; by whom you were charged; the court and cause number; the type of offense for which arrested, charged or convicted; and the disposition of each and the penalty you received, if any." *Id.* He did not include all of this information for each arrest. For example, he lists two arrests for "misdemeanor DUI" but does not provide a court, case number, or any date information beyond the year the arrest occurred. Mr. Jones therefore has not complied with the Court's order.

**C. Requests for Production**

On March 3, 2026, the Court ordered the plaintiffs to provide supplemental responses to Requests for Production No. 1, 3, 6, 7, 8, 9, 11, 12 (in part), 14 (in part), 15, and 16 no later than March 25, 2026. Doc. 53 at 27–28. In their motion, defendants state that plaintiffs "did not provide supplemental responses to the Defendant's [sic] Requests for Production until March 30, 2026." Doc. 56 at 3, 6. However, the supplemental responses to requests for production that defendants attached as exhibits to their motion to dismiss are both dated August 24, 2025. Doc.

56-3 at 2; Doc. 56-6 at 2. It appears that defendants erroneously attached these older supplemental responses, rather than the supplemental responses dated March 30, 2026. *See* Docs. 40-8, 40-9 (seemingly identical supplemental responses from Mr. Jones and Mr. Porwitzky dated August 24, 2025). Further, defendants argue that Mr. Porwitzky's supplemental responses are inadequate, and they quote from Mr. Porwitzky's responses to Request for Production No. 12, 14, and 16, Doc. 56 at 3–4, citing Exhibit C (Doc. 56-3), but the quoted language does not appear in Doc. 56-3. This discrepancy underscores my belief that Docs. 56-3 and 56-6 are not the plaintiffs' March 30, 2026, supplemental responses. Further muddying the waters, plaintiffs originally stated that Docs. 56-3 and 56-6 were "in fact" their supplemental responses, "served pursuant to this Court's March 3, 2026 Order," and that the August dates were "clerical typographical error[s]." Doc. 57 at 4; Doc. 58 at 4.

Because of this confusion, I filed a text-only order on August 14, 2026, addressing the quotations that defendants claimed were from Doc. 56-3 but did not appear there. Doc. 69. I ordered defendants to file a notice containing Mr. Porwitzky's responses to Requests for Production Nos. 12, 14, and 16, since defendants' arguments quote those responses but Doc. 56-3 does not contain them. *Id.* Defendants responded to this order by stating, "At no time did Mr. Porwitzky provide supplemental responses to Requests for Production Nos. 12, 14 and 16." Doc. 70 at 4. Defendants' statement does not make sense because defendants quoted these responses in their motion. *See* Doc. 56 at 3–4. Plaintiffs responded to defendants' filing by stating that Mr. Porwitzky's supplemental response "contains supplemental responses to Requests for Production Nos. 1, 3, 6, 7, 8, 9, 11, 12, 14, and 16." Doc. 71 at 2. This statement also does not make sense because in response to defendants' motion to dismiss, plaintiffs confirmed that the attached supplemental responses (Docs. 56-3 and 56-6) were in fact their supplemental responses,

notwithstanding the incorrect dates. *See* Doc. 57 at 4; Doc. 58 at 4. Documents 56-3 and 56-6 contain supplemental responses only to Requests for Production Nos. 6, 7, and 10. Doc. 56-3 at 2; Doc. 56-6 at 2.

In short, defendants have changed their argument, first claiming that Mr. Porwitzky's supplemental responses to Requests for Production Nos. 12, 14, and 16 were insufficient (and quoting those responses) and then claiming that Mr. Porwitzky never provided supplemental responses to Requests for Production Nos. 12, 14, and 16 at all (leaving it unexplained where the quotations came from). Meanwhile, plaintiffs also have changed their argument, first claiming that Docs. 56-3 and 56-6 were in fact their March 30, 2026, supplemental responses, then claiming that their March 2026 supplemental responses contained supplemental responses to Requests for Production 12, 14, and 16, which are not contained in Docs. 56-3 and 56-6.

Given this ambiguity, I recommend that the Court disregard the arguments pertaining to the sufficiency of plaintiffs' responses to defendants' requests for production. Defendants have not provided evidence in support of their claim that plaintiffs violated the Court's order because it remains unclear whether plaintiffs' March 2026 supplemental responses to defendants' requests for production are in the Court's possession at all.

**D. Summary**

I recommend that the Court find that the violations that defendants have proven are 1) plaintiffs provided their supplemental interrogatory responses one day late and their supplemental request for production responses five days late, and 2) Mr. Jones provided an incomplete answer to Interrogatory No. 12. Due to the murky record and shifting arguments regarding the requests for production, I recommend that the Court decline to include them in its analysis of the discovery violations. I therefore omit them from my analysis as well.

## II. *Ehrenhaus* Factors

Having established that plaintiffs violated the Court's order in multiple respects, I consider whether dismissal is an appropriate sanction for these violations under *Ehrenhaus*.

### A. Degree of Actual Prejudice to Defendants

Here, the delay of a few days in providing supplemental responses does not cause actual prejudice to defendants. I caution plaintiffs, however, that repeated delays are more disruptive and prejudicial than delays in a single instance. Missed deadlines in the future will be considered part of a pattern rather than a one-off mistake and therefore are more likely to lead to sanctions.

Mr. Jones' incomplete answer to Interrogatory No. 12 is somewhat prejudicial to defendants. He has not provided enough information for defendants to research some of his arrests, making it difficult for them to determine the extent of impeachment information these arrests may offer against him. Nonetheless, they have received some impeachment information, and any convictions do not appear to have involved a term of imprisonment or false statements as articulated in Federal Rule of Evidence 609, so further information—although Mr. Jones was required to provide it—likely will not seriously hamper defendants' ability to defend this case.

The degree of actual prejudice also includes "delay and mounting significant attorney's fees." *Chacon v. City of Sunland Park, N.M.*, No. 2:09-cv-00760-MCA-WPL, 2011 WL 13284754, at *4 (D.N.M. June 1, 2011). Here, the plaintiffs' delays and Mr. Jones' incomplete answer have led to attorney's fees because defendants have been required to litigate this discovery issue even after the Court's ruling on the motion to compel. Overall, however, the degree of actual prejudice to defendants is relatively low.

**B. Interference with the Judicial Process**

The plaintiffs' interference with the judicial process has been moderate. Their missed deadline was disruptive but brief. Mr. Jones' incomplete response, while in violation of the Court's order, still provided potential impeachment information to defendants rather than leaving them completely in the dark. His noncompliance—and plaintiffs' original noncompliance necessitating the motion to compel, Doc. 40, which the Court granted in large part—has delayed this case. *See Channon v. Liberation Distribution, LLC*, No. 1:24-cv-01124-WJ-SCY, 2026 WL 608603, at *3 (D.N.M. Mar. 4, 2026) (delays based on plaintiff's noncompliance with court orders constitute interference with judicial process). But the case is not set for trial, nor has the delay necessitated moving any scheduled hearings, so the disruption has been relatively contained.

**C. Culpability of the Litigant**

The culpability of the litigant is moderate. Plaintiffs state that the delay was "caused by the practical difficulty of obtaining notarization," Doc. 57 at 4; Doc. 58 at 3, and defendants note that Mr. Jones emailed defendants on behalf of both plaintiffs to alert them to the delay, Doc. 56 at 2. Plaintiffs knew of the deadline and of the notarization requirement, having served discovery responses before, and they should have taken earlier action to avoid running up against the deadline. The brief delay, however, does not appear to be the product of willful disregard, but of carelessness.

As to Mr. Jones' insufficient response, his culpability is moderate. He knew that the interrogatory asked for multiple details of his arrest record, and he failed to provide those details. He has given no reason for failing to provide this information, nor has he indicated that he even

tried to find more details. Nonetheless, he did provide a responsive answer to the interrogatory, albeit one lacking some required details, which slightly mitigates his culpability.

**D. Warning by the Court**

The Court has not warned plaintiffs about the possibility of dismissal. Defendants cite to the Court's May 15, 2025, Order to Show Cause (Doc. 22), *see* Doc. 56 at 9, but this order was based on the plaintiffs' failure to file a joint status report in anticipation of the Rule 16 Initial Scheduling Conference. Doc. 22 at 1. The Order to Show Cause never discussed dismissal and did not pertain to discovery violations. *See id.* Up to this point, the Court has not provided any warning to plaintiffs about the possibility of dismissal, so this factor weighs against dismissal.

**E. Efficacy of Lesser Sanctions**

Lesser sanctions are available in this case. The plaintiffs have not been sanctioned before, so I do not recommend that the Court begin with a "weapon of last, rather than first, resort." *The Procter & Gamble Co. v. Haugen*, 427 F.3d 727, 738 (10th Cir. 2005). This factor weighs against dismissal.

**F. Conclusion**

Based on the *Ehrenhaus* factors, I recommend that the Court find that dismissal for discovery violations is not warranted. The low actual prejudice to the defendants, the lack of warning by the Court, and the efficacy of lesser sanctions all weigh in favor of a sanction less extreme than dismissal. Nonetheless, Plaintiffs have violated the Court's order on the motion to compel, which is particularly troubling because the order was specific about exactly what the Court expected of plaintiffs. Therefore, lesser sanctions are appropriate. I recommend that the Court issue the following sanction:

**The sanction the Court will issue at this time is a strong admonishment. The Court warns plaintiffs that further discovery violations or other violations of court orders may result in more severe sanctions, which may include orders to pay defendants' attorney's fees and costs, dismissal of claims, or dismissal of the case as a whole.**

**CONCLUSION**

For the foregoing reasons, I GRANT plaintiffs' motion for surreply. Doc. 64. I recommend that the Court GRANT IN PART and DENY IN PART defendants' motion to dismiss for discovery violations. Doc. 56. I recommend that the Court choose not to dismiss the case, but I recommend that it issue a lesser sanction in the form of a strong admonishment.

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific. *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of *de novo* review by a district or appellate court. *Id*. In other words, if no objections are filed, no appellate review will be allowed.**

LAURA FASHING
UNITED STATES MAGISTRATE JUDGE